■ GROUP II MARINA, LTD., Respondent, v MOBIL OIL CORPORATION, Appellant. [635 NYS2d 69] —In an action to recover damages, *inter alia,* for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Leis, J.), dated May 31, 1994, which, upon treating its motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), as a motion for summary judgment, denied the motion.

Ordered that the order is affirmed, with costs.

The plaintiff, Group II Marina, Ltd. (hereinafter Group II), entered into a contract for the purchase of a certain parcel of real property which is owned by the defendant, Mobil Oil Corporation (hereinafter Mobil), and located adjacent to Port Jefferson Harbor in the Village of Port Jefferson. The property had been used as a terminal for the storage and distribution of petroleum and petroleum products. Group II intended to use the property to develop a residential condominium and full-service marina. However, after Mobil allegedly failed to perform certain environmental remediation obligations required by the contract, Group II commenced the underlying action to recover damages for breach of contract.

The underlying action was settled by a "Stipulation and Order" which, among other things, modified the original contract to (1) provide for a closing date of November 1, 1992, with time of the essence, (2) provide requirements and contingencies upon which Group II would be relieved of its obligation to close title on that date, and (3) specify the responsibilities of Mobil with regard to groundwater and soil remediation. The subject stipulation provided that in order to adjourn the closing date, Group II must have, *inter alia,* received a written statement from the New York State Department of Environmental Conservation (hereinafter the DEC) indicating that the DEC would not issue a permit for marina construction and that such denial must have been due "solely" to Mobil's failure or inability to complete the remediation work as of the closing date. Upon

the alleged failure of Mobil to comply with the Stipulation and Order, Group II commenced the instant action. Mobil subsequently moved to dismiss the action pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court treated Mobil's motion as one for summary judgment and determined that there existed triable issues of fact mandating denial of the motion.

We find that the Supreme Court properly declined to award summary judgment to Mobil. Indeed, Group II's evidentiary proof was sufficient to establish the existence of triable issues of fact with respect to, *inter alia,* the scope of Mobil's remediation efforts and the extent to which Mobil may have been the cause of Group II's inability to procure a permit for marina construction *(see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.